## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br><br>**PRIMITIVO VARGAS CARRION**<br><br><br><br>**Debtor(s)** | **CASE NO.  19-00227  BKT**<br><br>**Chapter 7**<br><br>**Adversary No. 19-00036** |
| **FIRSTBANK DE PUERTO RICO**<br><br>**Plaintiff**<br>**vs.**<br><br>**PRIMITIVO VARGAS CARRION**<br>**Defendant(s)** | **FILED & ENTERED ON 07/17/2019** |

### OPINION & ORDER

Before the court is Defendant/Debtor Primitivo Vargas Carrion's (hereinafter "Vargas" or "Defendant") *Motion to Dismiss Complaint in Adversary Proceeding* [Dkt. No. 6], and Plaintiff FirstBank Puerto Rico's (hereinafter "Firstbank" or "Plaintiff") *Opposition to Motion to Dismiss* [Dkt. No. 8]. Vargas' request for dismissal was filed pursuant to Fed. R. Civ. P. 12(b)(6)[1], and states that "the Complaint [Dkt. No. 1] fails to state a plausible claim for relief and should be

---

[1] Fed. R. Bankr. P. 7012(b) applies Fed. R. Civ. P. 12(b)(6) to adversary proceedings.

dismissed….” Said Complaint, argues Vargas, attempts to use his alleged willful and malicious conduct, and an injury deriving from such conduct, as the basis for its claim. Plaintiff's allegations of malice and injury are baseless and implausible.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*citing* Bell A. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. at 678. A complaint challenged by a Rule 12(b)(6) motion to dismiss does not need to contain detailed factual allegations, but only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id.

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell A. Corp., 550 U.S. at 555-556. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true," even when their veracity is doubtful. Id. at 555. "A well-pleaded complaint may survive a motion to dismiss even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Bell A. Corp., 550 U.S. at 556. On a motion to dismiss, however, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Following 11 U.S.C. § 523(a)(6), Plaintiff's Complaint seeks the denial of Debtor's dischargeability rights as to his debt to Firstbank. Its objection to the dischargeability of the debt, is based on Plaintiff's reliance, upon representations made by the Debtor, that he was the owner of the property.2 Further, the Debtor, with the actual intent to cause injury, has never recorded his title over said property at the Property Registry of Puerto Rico. In resolving a motion to dismiss, the court must "credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Sanchez ex rel. D.R.-S. v. United States, 671 F.3d 86, 92 (1st Cir. 2012). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepulveda–Villarini v. Dept. of Education of Puerto Rico, 628 F.3d 25, 29 (1st Cir. 2010).

A motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiff's right to any relief based on those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir.1995). The issue is whether the plaintiffs will be able to offer evidence to support their claims. Gorski v. New Hampshire Dept. of Corr., 290 F.3d 466, 473 (1st Cir.2002). In re Figueroa, 2016 WL 1412176, at *2 (Bkrtcy. D. Puerto Rico, 2016, Adversary No. 15-084). In this matter, the allegations stated in the Complaint do not meet the standards required to defeat a Fed. R. Civ. P. 12(b)(6) challenge. Taking the combined alleged facts as true, does not result in a plausible legal argument. "Mere conclusions, conjectures, and suppositions or suspicions are not in and of themselves sufficient to substantiate an allegation of fraud." Serrano v. Torres, 61 P.R.R. 157, 161 (1942)) (internal quotations omitted).

---

[2] The real property is identified as property number No. 29695, recorded at page 230 of volume 650 of the Arecibo Registry of Property, First Section of Arecibo, and consists of a parcel of land of one thousand thirty four point thirty one (1034.31) square meters of land and a single family dwelling. See POC No. 3, at p. 39 in related legal case 19-00227.

<u>Wadsworth vs. Schwarz</u>, 951 F. Supp. 314, 323 (D.P.R. 1996). The court in <u>Bell A. Corp.</u>, established that the "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action."[3]

In sum, the Plaintiff failed to present a legally sufficient and plausible cause of action against the Defendant. The complaint recites numerous factual and legal conclusions peppered with the words "deliberate" and the phrase "actual intent to cause injury" in an apparent attempt to pass them off as factual allegations. That is not sufficient to survive a challenge under FRBP 7012. Therefore, the Complaint is dismissed against the Defendant.

SO ORDERED

San Juan, Puerto Rico, this 17th day of July, 2019.

Brian K. Tester
U.S. Bankruptcy Judge

---

[3] <u>Bell A. Corp</u>, 550 U.S. at 555-556; Wright & A. Miller, Federal Practice and Procedure § 1216, 235–236 (3d ed. 2004).